**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MOUNT VERNON FIRE INSURANCE COMPANY,

Plaintiff,

v.

JANE CHILD CARE INC. d/b/a JANE'S CHILD
CARE, JANE KORZUN a/k/a YIVGENIA KORZUN,
GALYNA ZAYTSEVA, and CHRISTOPHER R.
LOTHSON, as Special Administrator of the Estate of
JASPEN W. LOTHSON, Deceased,

Defendants.

Case No.:

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, MOUNT VERNON FIRE INSURANCE COMPANY ("Mount Vernon"), by and through its attorney, Jonathan L. Schwartz of Goldberg Segalla LLP, brings this Complaint for Declaratory Judgment against Defendants JANE CHILD CARE INC. d/b/a JANE'S CHILD CARE ("Jane's Child Care"), JANE KORZUN a/k/a YIVGENIA KORZUN, GALYNA ZAYTSEVA, and CHRISTOPHER R. LOTHSON, as Special Administrator of the Estate of JASPEN W. LOTHSON, and alleges and states as follows:

### INTRODUCTION

1.      Mount Vernon seeks a judicial declaration that it does not have a duty to defend or indemnify Jane's Child Care, Yivengia Korzun and Galyna Zaytseva, under the subject insurance policy, in connection with a wrongful death lawsuit pending in the Nineteenth Judicial District, Lake County, Illinois, encaptioned *Lothson v. Jane Child Care Inc., et al.*, No. 2019 L 00000680 ("Underlying Lawsuit").

2.      Mount Vernon is entitled to declaratory relief because the defendants in the Underlying Lawsuit breached a fundamental requirement of the Mount Vernon policy's insuring

agreement that Jane's Child Care maintain a minimum staff-to-child ratio of one properly trained full time adult staff member for every six children. However, Jane's Child Care had only one adult staff member monitoring seven children at the time of the decedent infant's death. As a result of Jane's Child Care's failure to maintain the necessary staff-to-child ratio, which is intended to assure day care operations are able to properly care for the needs of the children in their care, the decedent infant was unsupervised by any adult for a period of over three hours prior to and including the time of the decedent infant's death.

3.      Because the defendants failed to comply with the material and necessary terms of the Mount Vernon policy's insuring agreement, resulting in the decedent infant's death, Mount Vernon has no duty to defend or indemnify any of the defendants for any of the allegations set forth in the Underlying Lawsuit.

## JURISDICTION/VENUE

4.      Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

5.      Plaintiff, Mount Vernon is a corporation organized under the laws of Pennsylvania with its principal place of business in Wayne, Pennsylvania.

6.      Defendant, Jane's Child Care is a corporation organized under the laws of Illinois with its principal place of business in Round Lake, Illinois.

7.      Defendant, Jane Korzun a/k/a Yivgenia Korzun is an individual, who resided in Lake County at all relevant times, and is a citizen of Illinois.

8.      Defendant, Galyna Zaytseva is an individual, who resided in Lake County at all relevant times, and is a citizen of Illinois.

9.      Defendant, Christopher Lothson, as Special Administrator of the Estate of Jaspen Lothson, is a resident of Lake County and a citizen of Illinois. Lothson is named as a potentially interested party by virtue of his status as the plaintiff in the Underlying Lawsuit.

10.     Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff, Mount Vernon, on the one hand, and Defendants, Jane's Child Care, Yivgenia Korzun, Galyna Zaytseva, and Lothson on the other hand; and (b) the amount in controversy, including the potential costs of defending and indemnifying Jane's Child Care, Yivgenia Korzun, and Galyna Zaytseva, with regard to the Underlying Lawsuit exceeds $75,000.

11.     Venue is appropriate under 28 U.S.C. § 1391(b)(1), as Defendants reside in this district, the subject policy was issued and delivered in this district for an insured risk in this district, and the Underlying Lawsuit is pending in this district.

12.     An actual justiciable controversy exists between Mount Vernon, on the one hand, and Jane's Child Care, Yivgenia Korzun, Galyna Zaytseva, and Lothson on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## MOUNT VERNON POLICY

13.     Mount Vernon issued to Jane Child Care Inc. a commercial general liability insurance policy, No. CL 2746730, for the April 16, 2019 to April 16, 2020 policy period ("Policy"). A true and correct copy of the Policy is attached hereto and incorporated herein as **Exhibit A**.

14.     The Policy contains the following Insuring Agreement under Coverage A applicable to bodily injury claims:

1.      **Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to

which this insurance applies. We have the right and duty to defend the insured against any "suit" seeking those damages. However, we have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply. …

\* \* \*

**b.**    This insurance applies to "bodily injury"…only if:

(1)    The "bodily injury" … is caused by an "occurrence" that takes place in the "coverage territory";

\* \* \*

15.    The Policy contains an endorsement entitled Residential Child Care Amendment, which modifies the Insuring Agreement under Coverage A to include the following language under Paragraph **1.b.**:

You comply at all times with all state or local statues, regulations, rules, guidelines or directives applicable to your childcare operations. Additionally, and without limitation, you maintain at all times a minimum staff to child ratio of one full time adult staff member who has been properly trained as a childcare professional for every six children. At no time shall there be more than eighteen children, including visitors or the maximum number permitted by your license, whichever is less on your premises while your childcare facility is open.

All other terms and conditions of this policy are the same. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

16.    The Policy also contains the following Professional Liability Coverage part (Coverage P), which provides, in relevant part:

**1.    Insuring Agreement**

We will pay those sums that the insured becomes legally obligated to pay as damages because of liability arising out of any negligent act, error or omission in rendering or failure to render professional services of the type described in the Description of Hazards as shown above or in the Business Description shown on the Declarations whether committed by you or any person employed by you or by others for whom you are legally responsible.

\* \* \*

2. **Exclusions**

This insurance does not apply to:

\* \* \*

g.      Any dishonest, fraudulent, criminal or malicious acts or omissions by you, any partner, "employee" or "volunteer worker."

\* \* \*

17.     The Policy lists the Business Description as "Child Care – Residential".

## UNDERLYING COMPLAINT

18.     The Second Amended Complaint in the Underlying Lawsuit ("Underlying Complaint") arises out of the death of three-month-old, Jaspen Lothson, who was in the care, custody, and control of Jane's Child Care, Yivgenia Korzun, and Galyna Zaytseva on August 9, 2019.  A true and correct copy of the Underlying Complaint is attached hereto and incorporated herein as **Exhibit B**.

19.     The Underlying Complaint alleges three causes of action: (1) Negligence – Wrongful Death against Jane's Child Care, (2) Negligence – Wrongful Death against Yivgenia Korzun, and (3) Negligence – Wrongful Death against Galyna Zaytseva.

20.     The Underlying Complaint specifically alleges that Jane's Child Care, Yivgenia Korzun, and Galyna Zaytseva breached their respective duties to exercise ordinary care for the decedent infant and acted negligently in one or more of the following ways, which were the direct and proximate result of the decedent infant's death:

a.      Failed to place the decedent infant in his crib in a reasonably safe manner to prevent risk of harm, including suffocation;

b.      Failed to place the decedent infant in a bare crib to sleep;

28565354.v4

c.      Negligently placed a pillow or other hazard in the decedent infant's crib which presented an unreasonable risk of suffocation; and

d.      Were otherwise careless or negligent.

21.    The decedent infant's parents, Christopher Lothson and Nicole Lothson, are alleged to have sustained losses including, but not limited to, loss of companionship, guidance, society, affection, grief and sorrow. They seek damages in excess of $50,000.

22.    Mount Vernon is providing a precautionary defense for Jane's Child Care, Yivgenia Korzun, and Galyna Zaytseva in the Underlying Lawsuit subject to a full and complete reservation of rights and while it pursues this Declaratory Judgment Action

## COUNT I – NO DUTY TO DEFEND UNDERLYING DEFENDANTS UNDER THE MOUNT VERNON POLICY

23.    Mount Vernon incorporates by reference paragraphs 1-22 above as if fully stated herein.

24.    The claims against Jane's Child Care, Yivgenia Korzun, and Galyna Zaytseva allege that the decedent infant sustained injuries resulting in his death while in their care, custody and control.

25.    The State of Illinois Certificate of Death Worksheet and Coroner Report have deemed the decedent infant's death a homicide by asphyxia due to an "unsafe sleep environment."

26.    According to the Round Lake Police Department investigation, Yivgenia Korzun and Galyna Zaytseva were the only adult staff members present at Jane's Child Care on August 9, 2019. That day, Galyna Zaystseva placed the decedent infant in his crib and then left the insured premises for a period of over three hours to go shopping. When she returned, she found the decedent infant had suffocated in his crib. Galyna Zaysteseva later confirmed these facts in a plea allocution dated March 8, 2021. A true and correct copy of Galyna Zaytseva's March 3, 2021 handwritten proffer, an English translation of Galyna Zaytseva's proffer originally written in Russian, and the March 8, 2021

transcript of Galyna Zaytseva's plea allocution hearing are attached hereto and incorporated herein as **Group Exhibit C**.

27.     During the Round Lake Policy Department investigation, Yivgenia Korzun and Galyna Zaytseva admitted that Yivgenia Korzun was the only adult monitoring seven children while the decedent infant was in his crib.

28.     There is no information in the Round Lake Policy Department investigation nor in any criminal proceedings against any of the defendants in the Underlying Lawsuit that contradicts Galyna Zaysteseva and Yivgenia Korzun's admissions that there was only one adult staff member supervising seven children for a period of over three hours preceding the decedent infant's death.

29.     The defendants did not maintain a ratio of one full time adult staff member who was trained as a childcare professional for every six children in the care of Jane's Child Care.

30.     The failure of Jane's Child Care, Yivgenia Korzun, and Galyna Zaytseva to maintain the required staff-to-child ratio was a proximate cause of the decedent infant's death.

31.     For Coverage A of the Policy to apply, Jane's Child Care, Yivgenia Korzun, and Galyna Zaytseva must satisfy the fundamental Insuring Agreement requirement that they "maintain[ed] at all times a minimum staff to child ratio of one full time adult staff member who has been properly trained as a childcare professional for every six children."

32.     Coverage A of the Policy does not apply to the allegations set forth in the Underlying Complaint.

33.     For Coverage P of the Policy to apply, the Underlying Complaint must allege a "negligent act, error or omission in rendering or failure to render professional services."

34.      However, there is no allegation of negligent conduct by Jane's Child Care, Yivgenia Korzun, and Galyna Zaytseva in connection with their rendering or failure to render professional

residential child care services, as opposed to ordinary residential child care services, nor that the conduct alleged in the Underlying Complaint required any specialized knowledge or skill.

35. Coverage P of the Policy does not apply to the allegations set forth in the Underlying Complaint.

36. No other part of the Policy entitles Jane's Child Care, Yivgenia Korzun, and Galyna Zaytseva to a defense against the Underlying Lawsuit.

37. Therefore, Mount Vernon has no duty to defend Jane's Child Care, Yivgenia Korzun, and Galyna Zaytseva under Coverage A or Coverage P of the Policy.

## COUNT II – NO DUTY TO INDEMNIFY UNDERLYING DEFENDANTS UNDER THE MOUNT VERNON POLICY

38. Mount Vernon incorporates by reference paragraphs 1-37 above as if fully stated herein.

39. For all of the reasons identified above which demonstrate that Mount Vernon has no duty to defend Jane's Child Care, Yivgenia Korzun, and Galyna Zaytseva in the Underlying Lawsuit, there is equally no duty to indemnify them.

WHEREFORE, Plaintiff, MOUNT VERNON FIRE INSURANCE COMPANY, respectfully requests this Court to declare and adjudge the controversy as follows:

A. Mount Vernon has no duty to defend Jane Child Care Inc. dba Jane's Child Care, in the Underlying Lawsuit;

B. Mount Vernon has no duty to indemnify Jane Child Care Inc. dba Jane's Child Care, in the Underlying Lawsuit;

C. Mount Vernon has no duty to defend Jane Korzun a/k/a Yivgenia Korzun in the Underlying Lawsuit;

D.  Mount Vernon has no duty to indemnify Jane Korzun a/k/a Yivgenia Korzun in the Underlying Lawsuit;

E.  Mount Vernon has no duty to defend Galyna Zaytseva in the Underlying Lawsuit;

F.  Mount Vernon has no duty to indemnify Galyna Zaytseva in the Underlying Lawsuit;

G.  Grant any other relief this Court deems just and equitable under the circumstances, including the award of costs.

DATED:  September 20, 2021                     Respectfully submitted,

                                              **GOLDBERG SEGALLA, LLP**

                                              By: /s/Jonathan L. Schwartz
                                              Attorney for Mount Vernon Fire Insurance Company

Jonathan L. Schwartz
GOLDBERG SEGALLA LLP
*Mailing Address:* P.O. Box 957, Buffalo, NY 14201
*Physical Address:* 222 W. Adams Street, Suite 2250, Chicago, IL 60606
Tel: (312) 572-8411
jschwartz@goldbergsegalla.com